itself, but this case does not involve such a broad issue.[6] Regarding the arguments and record that is before the Court, there is no valid reason to justify exempting Appellee specifically, or all incarcerated *pro se* PCRA petitioners generally, from the public record presumption. In my view, the PCRA court's order properly dismissed Appellee's PCRA petition as untimely filed, without holding an evidentiary hearing, because Appellee filed his petition well beyond one year from the date his judgment became final and because he failed to establish an exception to the PCRA's one-year time-bar.

Justice Dougherty joins this dissenting opinion.

158 A.3d 642

Johnny COLLINS, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Appellee

No. 89 MAP 2016

Supreme Court of Pennsylvania.

DECIDED: March 28, 2017

**6.** In the proper case and after full briefing from the necessary parties, it may be advisable for this Court to abandon what the Majority has articulated as the public record presumption, in favor of an evidenced-based criteria which reflects the plain language of the newly-discovered-facts exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii) (permitting a PCRA petitioner to file a petition after the one-year deadline for filing a petition, so long as the petition alleges and the petitioner proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Reconsideration of the current state of the law, however, requires the proper case, full development, and attention to the rule of *stare decisis.*

## ORDER

PER CURIAM

**AND NOW**, this 28th day of March, 2017, we **AFFIRM** the Order of the Commonwealth Court.

158 A.3d 642

Ashley FUNK; Otis Harrison, a Minor, by His Guardian Amy Lee; Lilian McIntyre, a Minor, by Her Guardian Jennifer McIntyre; Rekha Dhillon–Richardson, a Minor, by Her Guardian Jaskiran Dhillon; Austin Fortino, a Minor, by His Guardian Ruth Fortino; Darius Abrams, a Minor, by His Guardian Elaine Abrams; Kaia Luna Elinich, a Minor, by Her Guardian Arianne Elinich, Appellants

v.

Tom WOLF, in His Official Capacity as Governor of Pennsylvania; Pennsylvania Department of Environmental Protection; John Quigley, in His Official Capacity as Secretary of the Pennsylvania Department of Environmental Protection; Pennsylvania Environmental Quality Board; John Quigley, in His Official Capacity as Chairperson of the Environmental Quality Board; Pennsylvania Public Utility Commission; Gladys M. Brown, in Her Official Capacity as Chairperson of the Public Utility Commission; Pennsylvania Department of Conservation and Natural Resources; Cindy Adams Dunn, in Her Official Capacity as Secretary of the Pennsylvania Department of Conservation and Natural Resources; Pennsylvania Department of Transportation; Leslie S. Richards, in Her Official Capacity as Secretary of the Pennsylvania Department of Transportation; Pennsylvania Department of Agriculture; Russell C. Redding, in His Official Capacity as Secretary of the Department of Agriculture, Appellees

No. 88 MAP 2016

Supreme Court of Pennsylvania.

DECIDED: March 28, 2017